# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STEVE SEDERWALL, RANDY RUSSELL, CAROLYN SEDERWALL, MELODY R. MCCONNELL, WHITNEY NEWTON, MICHAEL LEINNEWBER, ESTER OTERO FLANAGAN, BRANDY FLANAGAN, PATTY A. GOODWIN, ANN GOODWIN, GREGORY FLORES, DONNA SIMMONS, GLYNIS RACINE, GARY GARRETT, TONY PASTORELLO, LINDA PATORELLO, WELDA GRINDER, GAIL J. MAJOR, JAMES BOREN, ELLIE BOREN, JASON O'NEAL, and CINDY O'NEAL,**

Plaintiffs-Appellants,

v.                                                              **NO. 28,972**

**RICHARD E. (RICK) VIRDEN, TAMMIE MADDOX, MARY HERRERA,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Jerry H. Ritter, Jr., District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Scott Fuqua, Assistant Attorney General
Santa Fe, NM

for Appellee

The Rose Law Firm, P.C.
Timothy L. Rose
Ruidoso, NM

for Appellant

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Petitioners appeal from the district court's order dismissing their petition challenging the voter registration of Richard E. Virden. We affirm.

Petitioners challenged Mr. Virden's voter registration pursuant to NMSA 1978, Section 1-4-22(A) (1995), which states:

> At any time not less than forty-two days prior to any election held pursuant to the Election Code [Chapter 1 NMSA 1978], the secretary of state, the county chairman of any major political party or any twenty petitioners who are voters of the county may file and present to the district court a verified petition alleging either on personal knowledge or on information and belief that certain persons registered, named in the petition, are not qualified electors in the precincts named in the petition. The petition shall contain a brief statement of the facts upon which such allegation is made.

Thus, in order to meet their burden under this statute, Petitioners were required to set forth factual allegations demonstrating that Mr. Virden is not a "qualified elector" in the precinct named in the petition. The term "qualified elector" is defined in the election code. "As used in the election code 'qualified elector' means any person who is qualified to vote under the provisions of the constitution of New Mexico and the constitution of the United States." NMSA 1978, § 1-1-4 (1975). The New Mexico constitution sets out the qualifications for voters in Article VII, Section 1, which states:

Every citizen of the United States, who is over the age of twenty-one years, and has resided in New Mexico twelve months, in the county ninety days, and in the precinct in which he offers to vote thirty days, next preceding the election, except idiots, insane persons and persons convicted of a felonious or infamous crime unless restored to political rights, shall be qualified to vote at all elections for public officers.

Petitioners have not alleged facts that would show that Mr. Virden does not meet these constitutional qualifications. Petitioners have not alleged facts to show that Mr. Virden is not a resident of New Mexico, of Lincoln County, or of the precinct in which he offers to vote. Petitioners conceded below that Mr. Virden is a resident of Lincoln County, New Mexico. Additionally, the petition contains no allegations that Mr. Virden does not reside in the precinct in which he is registered. We therefore affirm the district court's determination that the allegations in the petition were legally insufficient to cancel Mr. Virden's voter registration.

Petitioners argue that their burden is only to allege facts to show that the residence listed on the voter registration is not the voter's true residence. [DS 3] We disagree. Section 1-1-4 and Section 1-4-22, governing the process by which voters can challenge a citizen's voter registration, requires factual allegations to show that the voter does not meet the constitutional requirements for voter eligibility. The New Mexico constitution's only requirements regarding a voter's residency are that the voter be a resident of New Mexico and of the county and the precinct in which the person offers to vote. Mere allegations that a voter does not reside at the address

3

listed on his voter registration are insufficient.

Petitioners also ask us to determine that a person whose voter registration is cancelled is not qualified to appear as a candidate. [DS 4] However, as we affirm the district court's dismissal of the petition, we do not address this issue. *See Insure N.M., LLC v. McGonigle*, 2000-NMCA-018, ¶ 27, 128 N.M. 611, 995 P.2d 1053 (noting that the Court of Appeals will not issue an advisory opinion in the absence of a justiciable issue).

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**JAMES J. WECHSLER, Judge**


_____
**ROBERT E. ROBLES, Judge**